UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **GREGORY C. WILSON**<br>    LA. DOC #407893<br>VS. | **CIVIL ACTION NO. 3:12-cv-2662**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN ALVIN JONES, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Gregory C. Wilson filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 9, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. When he filed the complaint, he was incarcerated at the River Correctional Center, Ferriday, Louisiana. On March 21, 2013, he advised that he was transferred to the Elayn Hunt Corrections Center, St. Gabriel, Louisiana, [Doc. 10] and thereafter, in June 2013 he notified the court that he had been transferred to the Louisiana State Penitentiary, Angola. [Doc. 17]

Plaintiff complained that he was denied access to courts while incarcerated at the River Bend Detention Center (RBDC) and the Forcht Wade Correctional Center (FWCC). He sued Warden Alvin Jones of RBDC, former Warden Anthony Batson of FWCC, and attorney John Settle, Jr. and prayed for "...relief either financially and/or relief from this matter." This complaint was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED** in accordance with FRCP Rule 41(b).

*Statement of the Case*

Plaintiff's original complaint, filed on October 9, 2012, alleged that while incarcerated at RBDC (apparently during the period from May 2008 – December 2009) he was unable to file some unspecified legal proceeding because he was "denied access to material needed to do so." Thereafter, he complained that while incarcerated at FWCC he filed for relief but his claim was rejected as untimely. He then claimed that his retained post-conviction counsel, J. Settle, Jr. was ineffective. [Doc. 1] On May 9, 2013, plaintiff was ordered to amend his complaint within 30 days to provide a more definite statement of his claim and to demonstrate that he was prejudiced by the action or inaction of the named defendants. [Doc. 13] Thereafter, on June 21, 2013, plaintiff advised the court of his transfer to Angola and on July 8, 2013, he requested an extension of time to respond to the amend order. [Doc. 18] On July 10, 2013, plaintiff's motion was granted and he was advised to amend his complaint on or before August 9, 2013. [Doc. 19]

Plaintiff has not submitted an amendment as ordered; nor has he requested additional time within which to amend his complaint.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint

pursuant to 28 U.S.C. §§1915 and 1915A and directed plaintiff to amend and provide the information needed to evaluate his claims. Thereafter, plaintiff requested and was granted additional time within which to amend. Plaintiff, however, disregarded that order and his failure to respond warrants dismissal of the complaint.[1] Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[2] A party may respond to another

---

[1] Dismissal at this time may result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Nevertheless, even if the statute of limitations might bar petitioner from re-filing the instant suit, then dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The requirements for a dismissal with prejudice are satisfied in this case. As previously noted, plaintiff submitted an inadequate pleading; he was instructed to amend to provide factual support for his conclusory claims and he has failed to do so within the time limitation provided. Further, he requested and was granted an extension of the time, nevertheless, he has still failed to amend his complaint. Finally, it appears that his claims were probably time-barred at the time he filed his original complaint.

[2] **IN THE EVENT PLAINTIFF OBJECTS TO THIS REPORT AND RECOMMENDATION, HE SHOULD PROVIDE, ALONG WITH HIS OBJECTION, THE INFORMATION REQUIRED OF HIM IN THE MAY 9, 2013 MEMORANDUM ORDER. [Doc. 13]**

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, September 4, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE